IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TERRY FOSTER, | : | |
| Plaintiff | : | |
| VS. | : | |
| BERRIEN COUNTY JAIL, | : | NO. 7:12-CV-163 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **TERRY FOSTER**, an inmate at the Adel County Jail, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Plaintiff also seeks leave to proceed *in forma pauperis* (Doc. 2). Solely for purposes of this Court's dismissing Plaintiff's complaint, leave to proceed *in forma pauperis* is hereby granted.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not

include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also* **Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See* **Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff brings this section 1983 lawsuit relating to an incident that occurred while he was confined at the Berrien County Jail and working on detail for the Nashville, Georgia Water and Gas Department. He alleges that he suffered serious injuries to his face and head on an unspecified date, as a result of an accident during the removal of a pipe from the ground. Plaintiff was treated at a hospital. He allegedly continues to suffer from daily headaches and must take pain pills that he is required to purchase. Plaintiff seeks damages against the only named Defendant, the Berrien County Jail.

## III. DISCUSSION

Prison work assignments are considered conditions of confinement and must not subject inmates to "cruel and unusual punishment" under the Eighth Amendment.[1] *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983) (holding that "prison work requirements which compel inmates to perform physical labor which is beyond their strength, endangers their lives, or causes undue pain constitute cruel and unusual punishment"). To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825,

---

[1] It is unclear whether Plaintiff was a convicted prisoner or a pretrial detainee during his confinement at the Berrien County Jail. Conditions of confinement claims for convicted prisoners are examined under the Eighth Amendment, whereas these claims are analyzed under the due process clause for pretrial detainees. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir.1985). The analysis, however, is the same under both standards. "[T]he minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." *Id*.

834 (1994). Prison officials, however, are not subject to liability under section 1983 for the results of negligent acts that cause unintended injury to inmates. ***Daniels v. Williams***, 474 U.S. 327, 328 (1986); ***Farmer v. Brennan***, 511 U.S. 825, 836 n.4 (1994). Any claims for mere negligence may be brought only in state court.

Although the incident of which Plaintiff complains was indeed unfortunate, even liberally construed his complaint fails to state a colorable Eighth Amendment claim. Plaintiff has not alleged that any party was even negligent in connection with the accident, much less deliberately indifferent to a substantial and known risk of serious harm as required for section 1983 liability. Moreover, Plaintiff was provided medical treatment for his injuries.

Even if Plaintiff had alleged "deliberate indifference" sufficient for an Eighth Amendment claim, this lawsuit would be subject to dismissal. The only named Defendant, the Berrien County Jail, is not a suable entity under section 1983. *See e.g., **Brannon v. Thomas County Jail***, 280 F. App'x 930, 934 n.1 (11th Cir. 2008).

Based on the foregoing, the instant lawsuit is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 7th day of DECEMBER, 2012.

                                                *s/ Hugh Lawson*
                                                HUGH LAWSON
                                                UNITED STATES DISTRICT JUDGE

cr